In the Matter of JOHN V. BOUVIER, Apellant, Relative to Unemployment Insurance Contributions under Article 18 of the Labor Law. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board affirming a determination of the referee holding that the appellant was the employer of all the domestic servants in his household and therefore liable for contributions based on their earnings. Appellant husband maintained two living establishments. Six employees were employed as domestics. The husband and wife had independent incomes. It is claimed by the appellant that he paid the wages of three of the domestics and that his wife paid for the other three. All of the domestics performed duties for both husband and wife and members of the family. There is evidence that at times the husband paid all of the salaries. Any payments by the wife are considered in the nature of contributions. Decision affirmed, with costs to the State Industrial Commissioner. All concur.

In the Matter of the Claim of ABRAHAM KATZ, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board determining that petitioner is unemployed and eligible for benefits. Determination of the Appeal Board reversed and that of the referee reinstated, without costs. All concur.

JOSEPH MILANO, an Infant, by DOMENICA MILANO, His Guardian at Litem, Appellant, v. GERALD KNOWLES, Respondent. ANTONIO MILANO, Appellant, v. GERALD KNOWLES, Respondent.— Appeal from an order of the Special Term (Schirick, J.), directing that the issues joined by the answer and reply with respect to the releases be tried preliminarily to the trial of the issues raised by the complaint and answer. The action is in negligence. The answer sets up compromise and release. The plaintiff claims a mutual mistake of fact on the question of release. Order modified by striking from the first decretal paragraph thereof the words " without a· jury, pursuant to Section 443 of the Civil Practice Act of the State of New York " and by substituting the words " and a jury ", and as so modified affirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD HOSIER, Appellant.— Appeal from an order denying defendant's motion to vacate a judgment of conviction of abduction upon the ground that he was convicted upon a " superseding indictment ". There was an earlier indictment charging the petitioner with the crime of rape in the second degree, dated November 12, 1937. This indictment was never moved for trial. The indictment for which he was tried, dated January 27, 1938, charged the crime of rape in the second degree on October 1, 1937, and of abduction of a female upon the same day. There is no relation between the two indictments for the crimes charged thereby. He could be tried on either indictment. Order affirmed, without costs. All concur.